SCOTT J. TEPPER (State Bar No. 51693)
Email: stepper@raskinlawllp.com
RASKIN TEPPER SLOAN LAW
11333 Iowa Avenue
Los Angeles, California 90025-4214
Tel.: (310) 202-5544
Fax: (310) 202-5540

Attorneys for Defendants Hudson Valley
Wealth Management and Christopher Conover

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROXY FINANCIAL CORP., a Delaware corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>HUDSON VALLEY WEALTH MANAGEMENT, a New York corporation; CHRISTOPHER CONOVER, an individual;<br><br>                    Defendants. | Case No.: 2:26-cv-01495-CSK<br><br>DEFENDANTS' STATEMENT IN SUPPORT OF TRANSFER IN LIEU OF DISMISSAL; NOTICE THAT NO OPPOSITION HAS BEEN FILED; DECLARATION OF SCOTT J. TEPPER<br><br>Hearing Date:            May 26, 2026<br>Time:                      10:00 a.m.<br>Place:       Courtroom 25, 8th Floor<br>Judge:           Hon. Chi Soo Kim,<br>                  U.S. Magistrate Judge |

Defendants Hudson Valley Wealth Management, Inc. and Christopher Conover respectfully submit this Statement pursuant to their pending Motion to Dismiss for Improper Venue (ECF No. 4) to notify the Court of changed circumstances and to advise the Court that, in light of those circumstances, Defendants now prefer transfer of this action to the Southern District of New York over dismissal, notwithstanding that dismissal remains legally warranted.

## I.
## NO OPPOSITION HAS BEEN FILED TO THE MOTION

Under Local Rule 230(c), Plaintiff Proxy Financial Corp. ("Proxy Financial") was required to file any opposition to Defendants' Motion to Dismiss for Improper Venue no later than 14 days

DEFENDANTS' STATEMENT FOR TRANSFER NOT DISMISSAL; NO OPPOSITION TO MOTION    Page 1

after service of the motion. The motion was filed and served on April 14, 2026. The opposition deadline was therefore April 28, 2026. As of the date of this filing, April 30, 2026, no opposition has been filed. The motion is therefore unopposed and may be decided on that basis alone.

## II.
### CHANGED CIRCUMSTANCES – PLAINTIFF HAS NOW ATTEMPTED TO INVOKE ARBITRATION

After the filing of Defendants' motion, the following events have occurred (as supported in the attached declaration of counsel):

1. Plaintiff's counsel filed a demand for arbitration with the American Arbitration Association ("AAA") after this matter was removed to this court, but as of this date Plaintiff's counsel still has not served that demand on Defendants' counsel.

2. After the motion to dismiss for improper venue was filed, on April 17, 2026, Plaintiff's counsel contacted undersigned counsel requesting a stipulation to stay this lawsuit pending arbitration. Plaintiff's counsel wrote: "If Defendants decline to stipulate to a stay, Proxy will move the federal court to enforce the arbitration agreement." Defendants' counsel declined to stipulate because Defendants' counsel believes Proxy Financial's conduct in pursuing this litigation, under all of the circumstances, has been inconsistent with arbitration and constitutes a waiver under both Federal and California law.

3. Defendants' counsel contacted the AAA and requested that the AAA close the arbitration matter on the ground that an active federal lawsuit was pending and that Plaintiff's counsel had indicated an intent to file a motion to compel arbitration in this Court, but had not done so.

4. Plaintiff's counsel thereafter chastised Defendants' counsel in an email sent on April 21, 2026 and copied to the AAA for supposedly misrepresenting his position. Just 4 days after his email stating he would "enforce" the arbitration provision Mr. Ho asserted that he had never stated that he intended to file a motion to compel arbitration. But the only way to enforce an arbitration provision in a pending lawsuit under the Federal Arbitration Act, 9 U.S.C. §4, or C.C.P. §1281.2, is to file a motion to compel arbitration.

5.  As of the date of this Statement, the AAA has taken under advisement Defendants' counsel's request that the arbitration file be closed since the instant lawsuit remains pending and no motion to compel arbitration has been filed.

6.  A court in the first instance should determine whether Plaintiff has waived its right to arbitration, and dismissal of this action rather than transfer will reward Plaintiff for its conduct.

## III.

### DEFENDANTS NOW PREFER TRANSFER OVER DISMISSAL

Defendants' Motion sought dismissal as the preferred remedy under 28 U.S.C. § 1406(a), or transfer in the alternative. In light of the foregoing circumstances, Defendants now prefer transfer to dismissal. Either is a permitted remedy if this Court find venue is improper.

Transfer rather than dismissal serves the interests of justice under § 1406(a) because it preserves the ability of the transferee court to adjudicate the pending issues — including whether Plaintiff has waived arbitration — without requiring Plaintiff to refile and without rewarding Plaintiff's procedural conduct with a clean slate. Dismissal would permit Plaintiff to refile in New York as though its litigation conduct in this district had not occurred, which Defendants believe would be inequitable.

## IV.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court:

1. Grant the pending Motion to Dismiss for Improper Venue in part and deny it in part; and

2. In lieu of dismissal, transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1406(a), so that that court may adjudicate all pending issues, including the question of whether Plaintiff has waived its right to arbitration.

This Statement is supported by the concurrently filed Declaration of Scott J. Tepper. Defendants will lodge an [Alternative Proposed] Order Transferring Action to the Southern District of New York.

/ / /

/ / /

Dated: April 30, 2026

Respectfully submitted,

RASKIN TEPPER SLOAN LAW

/s/ *Scott J. Tepper*

By: _____
SCOTT J. TEPPER
Attorneys for Defendants Hudson Valley
Wealth Management and Christopher Conover

## DECLARATION OF SCOTT J. TEPPER

Scott J. Tepper declares as follows:

1. I am counsel of record for Defendants Hudson Valley Wealth Management, Inc. and Christopher Conover in the above-captioned action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently thereto.

2. I submit this Declaration in support of Defendants' Statement in support of transfer in lieu of dismissal and notice that no opposition has been filed to the pending motion.

3. On April 17, 2026, after Defendants filed their Motion to Dismiss for Improper Venue (ECF No. 4), I was contacted by Plaintiff's counsel, Vincent Van Ho, who requested that Defendants stipulate to a stay of this lawsuit pending arbitration before the American Arbitration Association ("AAA"). Mr. Ho wrote: "If Defendants decline to stipulate to a stay, Proxy will move the federal court to enforce the arbitration agreement." I declined to stipulate because it is Defendants' position that Plaintiff Proxy Financial Corp. ("Proxy Financial") waived any right to compel arbitration through its conduct in initiating and pursuing this litigation, under all of the circumstances, inconsistently with arbitration.

4. Mr. Ho's April 17 email was addressed to the AAA case administrator, Sarahi Temores, with a copy to me. In it, Mr. Ho stated that if Defendants declined to stipulate to a stay of the lawsuit pending arbitration, Proxy Financial would move the federal court to "enforce" the arbitration agreement, and reserved all rights including the recovery of attorney's fees and costs.

5. Based on Mr. Ho's statement, I contacted the AAA and requested that the AAA close its file in AAA Case No. 01-26-0001-7415 on the ground that an active federal lawsuit was pending and that Plaintiff's counsel had indicated an intention to file a motion to compel arbitration in this Court.

6. On April 21, 2026, just four days after his email stating Proxy would "enforce" the arbitration agreement, Mr. Ho sent me an email copied to the AAA in which he chastised me and asserted that my characterization of his prior email as expressing an intent to file a motion to compel arbitration was "factually incorrect" and that he had "at no point" made such a

DEFENDANTS' STATEMENT FOR TRANSFER NOT DISMISSAL; NO OPPOSITION TO MOTION    Page 5

representation.

7. As of the date of this Declaration, the AAA has taken under advisement my request that the arbitration file be closed since the instant lawsuit remains pending. No motion to compel arbitration has been filed in this Court by Plaintiff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 30, 2026, at Los Angeles, California.

/s/ *Scott J. Tepper*

SCOTT J. TEPPER

**PROOF OF SERVICE**

Scott J. Tepper declares as follows:

I am Defendants' attorney in this matter. My business address is 11333 Iowa Avenue, Los Angeles, California 90025-4214, and my email address is stepper@raskinlawllp.com. I am over the age of 18 and am not a party to this action.

Pursuant to Local Rule 135(b), service has been made as set forth below.

On April 30, 2026, I served the foregoing <u>DEFENDANTS' STATEMENT IN SUPPORT OF TRANSFER IN LIEU OF DISMISSAL; NOTICE THAT NO OPPOSITION HAS BEEN FILED; DECLARATION OF SCOTT J. TEPPER</u> on the interested parties in this action by the following means:

**BY U.S. MAIL:** By placing in an envelope on the date set forth above a true and correct copy of the above-referenced document and depositing the envelope in the United States mail, first-class postage prepaid and affixed, and addressed as follows:

Vincent Van Ho, Esq.
901 H Street, Suite 120
Sacramento, California 95814

**BY ELECTRONIC MAIL:** By transmitting on the date set forth above a true and correct copy of the above-referenced document in PDF format via electronic mail to the following email address: vincent@vholaw.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 30, 2026, at Los Angeles, California.

/s/ *Scott J. Tepper*

_____
SCOTT J. TEPPER

DEFENDANTS' STATEMENT FOR TRANSFER NOT DISMISSAL; NO OPPOSITION TO MOTION    Page 7