SCOTT J. TEPPER (State Bar No. 51693)
Email: stepper@raskinlawllp.com
RASKIN TEPPER SLOAN LAW
11333 Iowa Avenue
Los Angeles, California 90025-4214
Telephone: (310) 202-5544
Fax: (310) 202-5540

Attorneys for Defendants and Counter-Claimants Hudson Valley Wealth Management and Christopher Conover

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

PROXY FINANCIAL CORP., a Delaware corporation,

Plaintiff and Counter-Defendant,

v.

HUDSON VALLEY WEALTH MANAGEMENT, a New York corporation; CHRISTOPHER CONOVER, an individual,

Defendants and Counter-Claimants.

Case No.: 2:26-cv-01495-CSK

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY THESE PROCEEDINGS PENDING THE PLAINTIFF'S COMPLIANCE WITH CALIFORNIA CORPORATIONS CODE §§ 2105 AND 2203(c); MEMORANDUM OF POINTS AND AUTHORITIES**

Hearing Date: September 1, 2026
Time: 10:00 a.m.
Place: Courtroom 25, 8th Floor

Judge: Hon. Chi Soo Kim, U.S. Magistrate Judge

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, hereby given, that on Tuesday, September 1, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 25 of the United States District Court for the Eastern District of California, located at 501 I Street, 8th Floor, Sacramento, California 95814, before the Honorable Chi Soo Kim, United States Magistrate Judge, Defendants and Counter-Claimants Hudson Valley Wealth Management and Christopher Conover will and hereby do move this Court for an order staying all proceedings in this action, except to rule on motions currently pending, until Plaintiff Proxy Financial Corp. ("Proxy Financial") has complied

with California Corporations Code §§ 2105 and 2203(c) and qualified to do business in California.

This motion is made on the grounds that this action was removed on the basis of diversity of citizenship, that Proxy Financial is a foreign corporation that admits that it transacts substantial business in California, that it has done so without having obtained a certificate of qualification from the California Secretary of State, and that this action was brought upon that transacted business. Under California Corporations Code § 2203(c), and Federal law, as discussed in the appended Memorandum of Law, Proxy Financial may not maintain its Complaint in this action until and unless it has complied with that statute.

Defendants request that the Court order that all proceedings in this action be stayed, except for rulings on pending motions, until Proxy Financial has so qualified.

Defendants further request that, if Proxy Financial has not provided sufficient proof to the Court within the time the Court determines is appropriate that it has qualified, that its Complaint be dismissed.

This motion is supported by this Notice of Motion and Motion; the Memorandum of Points and Authorities set forth below; the Declaration of Scott J. Tepper and Exhibits 1, 2 and 3 thereto, filed in support of this Motion; and the Declaration of Bryan Caulkins in Support of Plaintiff's Supplemental Brief Opposing Transfer of Venue Under 28 U.S.C. § 1404, filed July 22, 2026 (ECF No. 27-1); and upon such further evidence and argument as may be presented prior to and at the hearing.

Dated: July 24, 2026

Respectfully submitted,

RASKIN TEPPER SLOAN LAW

/s/ Scott J. Tepper
By: ______________________________
SCOTT J. TEPPER
Attorneys for Defendants and Counter-Claimants Hudson Valley Wealth Management and Christopher Conover

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Proxy Financial Corp. is a Delaware corporation. It has never qualified to transact business in California. On July 22, 2026, Proxy Financial filed the sworn declaration of its Managing Partner and co-founder, Bryan Caulkins, in opposition to the pending venue motion (ECF No. 27-1). That declaration establishes the facts that close the courthouse doors to Plaintiff under California's qualification statutes.

On April 10, 2026, the California Secretary of State certified that a diligent search of its corporate files disclosed no record of any California or foreign corporation, active or inactive, of the name Proxy Financial Corp. (Tepper decl. Ex. 1.) But according to Caulkins, Proxy Financial's largest office, its largest concentration of staff, its operational center for acquisitions and client transitions, several additional Bay Area locations, its longtime corporate counsel, its largest revenue market by a wide margin, and the performance at the heart of this dispute — are all in California.

California Corporations Code § 2105(a) provides that a foreign corporation shall not transact intrastate business without having first obtained from the Secretary of State a certificate of qualification. Section 2203(c) supplies the sanction. The Corporations Code also provides that a foreign corporation that transacts business without complying with section 2105 shall not maintain any lawsuit upon any business so transacted in any court of this state, commenced prior to compliance with section 2105, until it has qualified.

The Corporations Code bar is California's version of laws that are colloquially called "door-closing" statutes. *McCollum Aviation, Inc. v. CIM Associates, Inc.*, 438 F. Supp. 245, 248–50 (S.D. Fla. 1977); see also Isaac Zwerling, Comment, *Open and Shut: Non-Removal Statutes and Door-Closing Penalties*, 53 Pepp. L. Rev. 759 (2026) (commenting on what it calls "door-closing penalties"). As discussed below, by virtue of a U.S. Supreme Court case, "door-closing" statutes apply to diversity actions in the Federal Courts.

This case was removed to this Court pursuant to 28 U.S.C. § 1332 by virtue of diversity of

citizenship. (ECF No. 1, pp. 1-3.) *Woods v. Interstate Realty Co.,* 337 U.S. 535, 538 (1949), holds that a Federal court sitting in diversity must give effect to a state statute that closes the state's courts to an unqualified foreign corporation. Federal courts in California apply section 2203(c) accordingly. *Hurst v. Buczek Enters., LLC,* 870 F. Supp. 2d 810, 818–23 (N.D. Cal. 2012).

The remedy is not dismissal in the first instance. It is a stay. "Ordinarily, the matter should be stayed to permit the foreign corporation to comply." *United Med. Mgmt. Ltd. v. Gatto* (1996) 49 Cal.App.4th 1732, 1740. If the corporation complies, it may proceed; if it does not, the action (in this case its complaint but not the counterclaim which survives[1]) is dismissed. Id. at 1740–41.

## II.

## STATEMENT OF FACTS

### A. Proxy Financial Is Not Qualified To Transact Its Business In California.

The records of the California Secretary of State show whether Proxy Financial is a registered California corporation or is qualified to transact business in California as a foreign corporation. They show that it is neither.

Proxy Financial's Florida filings confirm that it is a Delaware corporation that has registered where it chose to register, Florida. Its 2025 and 2026 Foreign Profit Corporation Annual Reports, filed with the Florida Secretary of State, identify its principal place of business as St. Petersburg, Florida. (Tepper decl., Exhibits 2 & 3.) While Proxy Financial has not represented to this Court that it is qualified in California, it did falsely allege in its Complaint that its principal place of business was in California when the records it filed in Florida demonstrate that that claim is false. (See Complaint, ECF No. 1-3, p.3, lines 3-4.) Proxy Financial has never sought to correct that misrepresentation.

### B. In Caulkins' Own Testimony, Proxy Financial Conducts Its Business From California.

Bryan Caulkins recently filed a declaration opposing the venue motion. (ECF No. 27-1.) In that declaration he states that he is Proxy Financial's Managing Partner and co-founder and that he

[1] Hudson Valley Wealth Management does not conduct business in California; thus, it is not affected by the bar imposed on Proxy Financial. This is established in Hudson Valley's venue motion, ECF No. 4 and the supporting Conover declaration at ECF No. 4-2, p. 2, ¶ 5.

signed the parties' Asset Purchase and Sale Agreement dated June 27, 2025 on Proxy Financial's behalf. (ECF No. 27-1, p. 1, lines 20–22.)

The Caulkins declaration describes a company whose business is run from California and that "California is, by a wide margin, Proxy's largest revenue market." Mr. Caulkins testifies:

> Proxy's largest office at the time of the transaction was, and is still, located in Walnut Creek, California, and Walnut Creek housed Proxy's largest concentration of staff both at the time of the transaction and currently. Walnut Creek served as Proxy's operational center for acquisitions and client transitions at the time of the transaction at dispute. [ECF No. 27-1, page 2, lines 2–5.]
>
> At the time of the transaction with Defendants in mid-2025, Walnut Creek was Proxy's only location capable of performing the account-transfer and client-transition functions necessary to receive and service the acquired client accounts — the personnel responsible for preparing account-transfer forms, generating electronic-signature packages, and processing client onboarding all worked from that office, and Proxy had no support personnel anywhere else in the country who could perform those functions. [ECF No. 27-1, page 2, lines 5–11.]
>
> Approximately five Proxy personnel were then based in Walnut Creek, including Arthur "Wayne" Potter, Proxy's senior financial planner, along with four others. At the time of the transaction, the office was located at 877 Ygnacio Valley Road, Suite 220, Walnut Creek, California 94596; Proxy has since relocated it to 1212 Broadway Plaza, Office 106, Walnut Creek, California 94596. [ECF No. 27-1, page 2, lines 11–16.]
>
> Proxy's corporate counsel, Vincent Van Ho, was and is located in Sacramento, California. Mr. Ho has served as Proxy's outside corporate counsel for approximately five to six years. He prepared the transaction documents for the acquisition from Defendants, and I communicated with his Sacramento office throughout the drafting, execution, and post-execution phases of the transaction. I electronically signed the Agreement through the signature package his office administered. [ECF No. 27-1, page 2, lines 17–21.]
>
> Proxy does maintain an office in Miami, Florida, and several locations in the San Francisco Bay Area. [ECF No. 27-1, page 3, lines 9–10.]
>
> Proxy's principal operations relating to acquisitions and client transitions were, at the time of the transaction, concentrated in California, and they remain so today. [ECF No. 27-1, page 3, lines 11–12.]
>
> California is, by a wide margin, Proxy's largest revenue market. Its next-largest markets are Texas and Florida. . . . Proxy's profit-and-loss and revenue records, which I have reviewed, and which are maintained in the ordinary course of business, confirm these facts. [ECF No. 27-1, page 3, lines 13–17.]

> Litigating this case in Sacramento is materially more convenient for Proxy than litigating in New York, because Proxy's operational staff, supporting witnesses, and the records and systems relevant to this dispute are concentrated in California. [ECF No. 27-1, page 5, line 26, through page 6, line 1.]

Assuming this is all true, Plaintiff transacts its business in California.

**C. Plaintiff Also Admits That This Action Is Brought Upon That California Business.**

Mr. Caulkins testifies that the performance Proxy Financial sues over was California performance:

> The work of transitioning Mr. Conover's clients to Proxy — the performance at the heart of this dispute — was to be carried out by Proxy's Walnut Creek, California, staff, because they were the only Proxy personnel in the country capable of preparing the necessary account-transfer documentation at that time. [ECF No. 27-1, page 3, line 25, through page 4, line 2.]
>
> As part of the attempted transition, Mr. Potter had several telephone conversations with Mr. Conover regarding the transfer of Mr. Conover's client relationships to Proxy. Mr. Potter also worked directly with at least one of the clients whose account Proxy purchased, Samuel Player, and onboarded Mr. Player onto Proxy's financial-planning software platform. [ECF No. 27-1, page 4, lines 3–6.]
>
> The custodial reporting and billing systems that the Agreement designates for verifying transferred assets under management are Proxy's own systems, administered by its California-based staff. [ECF No. 27-1, page 4, line 26, through page 5, line 2.]

## III.

## ARGUMENT

**A. Corporations Code Section 2203(c) Bars Proxy Financial From Maintaining This Action**

Corporations Code § 2105(a) requires a foreign corporation to obtain a certificate of qualification from the Secretary of State before transacting intrastate business. Corporations Code § 191(a) defines the trigger: for purposes of Chapter 21, "transact intrastate business" means "entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce."

The qualification requirement serves two purposes: it facilitates service of process on foreign corporations and protects against state tax evasion. *The Capital Gold Group, Inc. v. Nortier* (2009) 176 Cal.App.4th 1119, 1132. As the California Court of Appeal has put it, the statute "assures

responsible and fair dealing by foreign corporations and equalizes the regulation of foreign and domestic corporations." *United Med. Mgmt. Ltd. v. Gatto* (1996) 49 Cal.App.4th 1732, 1741.

Corporations Code § 2203(c) enforces the requirement. A non-qualified foreign corporation may defend an action and may commence one; what it may not do is maintain an action upon the business it conducts in a state where it is not qualified. Id. at 1740; *Mediterranean Exports, Inc. v. Superior Court* (1981) 119 Cal.App.3d 605, 614. The defendant asserting the bar must prove two things: "(1) the action arises out of the transaction of intrastate business by a foreign corporation; and (2) the action was commenced by the foreign corporation prior to qualifying to transact intrastate business." *United Med. Mgmt.*, 49 Cal.App.4th at 1740; accord *United Systems of Arkansas, Inc. v. Stamison* (1998) 63 Cal.App.4th 1001, 1007; *Hurst v. Buczek Enters., LLC,* 870 F. Supp. 2d 810, 818 (N.D. Cal. 2012).

**B. This Court Applies Section 2203(c).**

Where a state statute bars an unqualified foreign corporation from suing in the state's own courts, a Federal court sitting in diversity must, under *Woods,* 337 U.S. 535, 538 (1949), give the statute the same effect that a state court would give it.

*Woods* was itself a foreign-corporation case: a Tennessee corporation sued in the Federal court in Mississippi, and the Supreme Court held that the Mississippi qualification statute barred the suit there as it would have in the Mississippi courts. Id. at 535–38. The Court reasoned that a right which local law creates but does not supply with a remedy "is no right at all for purposes of enforcement in a federal court in a diversity case; that where in such cases one is barred from recovery in the state court, he should likewise be barred in the federal court." Id. at 538. Any other result "would create discriminations against citizens of the State in favor of those authorized to invoke the diversity jurisdiction of the federal courts." Id.

Proxy Financial commenced this action in the Sacramento County Superior Court and Defendants removed it to this Court. Section 2203(c) by its terms reached the action at its commencement, and removal did not cure Proxy Financial's noncompliance.

**C. Proxy Financial Transacts Intrastate Business In California.**

The controlling question is whether the corporation has localized its business in the forum

*State. Union Brokerage Co. v. Jensen*, 322 U.S. 202, 208, 210 (1944). *Eli Lilly & Co. v. Sav-On-Drugs, Inc.*, 366 U.S. 276 (1961), applied that test to facts materially weaker than these. The plaintiff there was an Indiana corporation that maintained a New Jersey office occupied by a district manager and a secretary, with the company's name on the door and its telephone listed, and employed salaried personnel in the State promoting sales. On that record the Supreme Court held the company was doing intrastate business and that New Jersey could require a certificate of authority as a condition precedent to maintaining suit in its courts. Id. at 276–84.

Based on Caulkins' testimony, Proxy Financial's business is localized in California under any reading of these authorities.

**D. Proxy Financial Had Not Qualified When It Commenced This Action, Nor Since Then.**

The second element is established by the Secretary of State's Certificate of No Record. On April 10, 2026 (this lawsuit was commenced on March 2, 2026) the Secretary of State certified that a diligent search of the corporate files disclosed no record of any corporation, domestic or foreign, active or inactive, bearing Proxy Financial's name. (Tepper decl. Ex. 1.) Proxy Financial has never represented to this Court that it is qualified in California; its only California representation is the false principal-place-of-business allegation in the Complaint.

**E. This Action Is Brought "Upon" Proxy Financial's Business.**

Corporations Code § 2203(c) does not bar every action a nonqualified foreign corporation may bring. It bars an action brought upon the business the corporation transacted without having qualified. This is such an action, as Caulkins testifies. The performance Proxy Financial sues over — "the performance at the heart of this dispute" — "was to be carried out by Proxy's Walnut Creek, California, staff, because they were the only Proxy personnel in the country capable of preparing the necessary account-transfer documentation at that time." (ECF No. 27-1, page 3, line 25, through page 4, line 2.) There is more, but these admissions should suffice.

Proxy Financial has told this Court that this dispute belongs in California because Proxy Financial's operations, witnesses, records, and systems relating to this transaction are Californian. Defendants do not concede those characterizations for purposes of transfer, and this motion is made without prejudice to the pending request for transfer under 28 U.S.C. § 1404(a) because

neither Defendants nor their counsel believe Caulkins' testimony is accurate. But Proxy Financial is bound by its own sworn statements: if the transaction is California-enough to defeat transfer, it is California-enough to require qualification.

**F. The Appropriate Relief Is A Stay, With Dismissal If Proxy Financial Does Not Comply.**

California law prescribes the remedy. "If the defendant establishes the bar of the statute, then the foreign corporation plaintiff must comply with section 2203, subdivision (c). Ordinarily, the matter should be stayed to permit the foreign corporation to comply." *United Med. Mgmt.*, 49 Cal.App.4th at 1740. "The qualification statute is enforced, in part, by temporarily halting lawsuits." Id. at 1740–41. If the corporation qualifies and pays the fees, penalties and taxes, it may maintain the action. Id. at 1741. If it fails to comply, the action is dismissed. Id. at 1740–41; see *Hurst*, 870 F. Supp. 2d at 823.

This Court has independent authority to enter the same order as a state court. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

**G. Compliance Will Take Time And The Court Should Inquire How Much Time Is Needed.**

Qualifying will be a process for Proxy Financial. Under California law it will have to pay back taxes, fees and fines and file back tax returns for its business activities before it may qualify. (Corp. Code §§ 2203(a), 2203(c); Rev. & Tax. Code §§ 23101, 23151(a), 23153(a), 18601(a), 19131, 19132, 19135.) Under State law it must then show those payments to the Clerk of the Court as proof of compliance. (Corp. Code § 2203(c).)

If Proxy Financial has been transacting business in California for five to six years (the time it has retained its California counsel according to the Caulkins declaration), that will require payments, documentation and returns for that period of time. (Corp. Code § 2203(c); Rev. & Tax. Code §§ 23153(a), 19087(a); Caulkins' testimony at ECF No. 27-1, page 2, lines 17–18.)

As of July 23, 2026, Proxy Financial Corp., and its style, "Proxy Financial," are not shown on the website of the California Secretary of State as qualified to do business in California. (Tepper decl. ¶ 5.)

## IV.

## CONCLUSION

Defendants request that the Court stay all proceedings in this action, except to rule on currently pending motions, until Proxy Financial has qualified, and that, if Proxy Financial has not filed the receipts required by section 2203(c) or otherwise shown that it has properly qualified within the time the Court allows after inquiring of Proxy Financial how much time is needed, the Complaint in this action be dismissed.

A proposed order is separately lodged.

Dated: July 24, 2026

Respectfully submitted,

RASKIN TEPPER SLOAN LAW

/s/ Scott J. Tepper
By: ________________________________
SCOTT J. TEPPER
Attorneys for Defendants and Counter-Claimants Hudson Valley Wealth Management and Christopher Conover

**PROOF OF SERVICE**

Scott J. Tepper declares as follows:

I am Defendants and Counter-Claimants' attorney in this matter. My business address is 11333 Iowa Avenue, Los Angeles, California 90025-4214, and my email address is stepper@raskinlawllp.com. I am over the age of 18 and am not a party to this action.

Emily A. Brandenburg, counsel of record appearing for Plaintiff Proxy Financial Corp., is a Member of the Bar of this Court who receives filed documents via the CM/ECF system.

Vincent Van Ho, also counsel of record, is not a Member of the Bar of this Court and pursuant to Local Rule 135(b), service has been made on Vincent Van Ho as set forth below.

On July 24, 2026, I served the foregoing DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY THESE PROCEEDINGS PENDING THE PLAINTIFF'S COMPLIANCE WITH CALIFORNIA CORPORATIONS CODE §§ 2105 AND 2203(c); MEMORANDUM OF POINTS AND AUTHORITIES on the interested parties in this action by the following means:

BY U.S. MAIL: By placing in an envelope on the date set forth above a true and correct copy of the above-referenced document and depositing the envelope in the United States mail, first-class postage prepaid and affixed, and addressed as follows:

Vincent Van Ho, Esq.
901 H Street, Suite 120
Sacramento, California 95814

BY ELECTRONIC MAIL: By transmitting on the date set forth above a true and correct copy of the above-referenced document in PDF format via electronic mail to the following email address: vincent@vholaw.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 24, 2026, at Los Angeles, California.

/s/ Scott J. Tepper

SCOTT J. TEPPER