Emily A Brandenburg (AKA Emily A. Kearney) (CA Bar No. 287652)
The Kearney Firm, APC
301 Bayview Circle, Suite 104-5278
Newport Beach, California 92660
(714) 624-4186
emily@thekearneyfirm.com

Attorney for Plaintiff Proxy Financial Corp.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Proxy Financial Corp., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Hudson Valley Wealth Management, a New York corporation; Christopher Conover,<br><br>Defendants. | Case No.: 2:26-cv-01495-CSK<br><br>**DECLARATION OF BRYAN CAULKINS IN SUPPORT OF PLAINTIFF PROXY FINANCIAL CORP.'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**<br><br>Hearing: September 1, 2026<br>Time: 10:00 a.m.<br>Dept.: 25<br>Judge: Hon. Chi Soo Kim |

**DECLARATION OF BRYAN CAULKINS**

I, Bryan Caulkins, declare:

1. I am the Managing Partner and co-founder of Plaintiff Proxy Financial Corp. ("Proxy Financial"). I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently thereto.

2. I submit this declaration in support of Plaintiff's Opposition to Defendants' Motion to Stay Proceedings.

3. I previously submitted a declaration in support of Plaintiff's opposition to Defendant's motion to transfer venue. That declaration addressed the geographic location of the personnel, witnesses, offices, records, and operational resources relevant to the parties' transaction and the comparative convenience of California and New York.

4. In describing those resources, my prior declaration used the defined term "Proxy" without separately identifying the affiliated legal entity that employed each individual, leased each office, maintained each payroll or contractor relationship, or performed each operational function discussed. Those entity-specific distinctions were not addressed in my prior declaration. I provide that additional information here because it is relevant to Defendants' present motion.

5. At the time I prepared my prior declaration, I was addressing only the relative convenience of litigating this action in California versus New York. Because the issue before the Court was witness convenience and the location of operational resources—not the corporate structure of the Proxy enterprise—I referred generally to "Proxy" when describing personnel, offices, and operational resources. I did not intend to state that every employee, office, or operational

function referenced in that declaration belonged to Proxy Financial Corp., and no issue concerning the separate legal identity of the affiliated entities had been raised.

6. Proxy Financial Corporation is a Delaware corporation and serves as the holding company of several affiliated entities.

7. Proxy Financial's subsidiaries include Proxy Freedom LLC, Proxy Advisory Group LLC, and House of Proxy LLC.

8. Proxy Freedom LLC is a separate operating entity within the Proxy organization. It is a California limited liability company and maintained its principal office at 877 Ygnacio Valley Road, Walnut Creek, California, during the period relevant to this action.

9. Attached as Exhibit A is a true and correct copy of the California Secretary of State business entity record for Proxy Freedom LLC. The record identifies Proxy Freedom LLC as an active California limited liability company formed on June 22, 2022, and lists 877 Ygnacio Valley Road, Walnut Creek, California, as its principal address.

10. Although each of these entities is a subsidiary of Proxy Financial, each maintains its own separate legal existence and business operations.

11. Each entity maintains separate bank accounts.

12. Each entity maintains separate payroll records and employment records.

13. Employees are employed by, contracted through, and paid by the specific legal entity identified in that entity's payroll and employment records.

14. Each affiliated entity maintains its own books and records, enters into its own contracts, maintains its own banking relationships, and is responsible for its own employees or contractors. When preparing this declaration, I relied upon those business records maintained in the

ordinary course of business to identify the legal entity that employed each individual, retained each contractor, and leased each office discussed herein.

15. At all relevant times, the personnel in 877 Ygnacio Valley Road, Walnut Creek who were expected to perform the account-transfer and client-transition functions described in my prior venue declaration were employed by Proxy Freedom LLC.

16. Arthur "Wayne" Potter, Justine Juarez, Janelle Martinez, and John Neville were W-2 employees of Proxy Freedom LLC during the relevant period. Mr. Potter, Ms. Juarez, and Ms. Martinez had been employed by Proxy Freedom LLC since approximately 2022.

17. Mr. Potter served as a senior financial planner and participated in communications relating to the contemplated transition of client accounts associated with the transaction at issue in this litigation.

18. Courtney "Court" Chynces was an independent contractor working with Proxy Freedom LLC and was compensated as a Form 1099 contractor. He had worked with Proxy Freedom LLC since approximately 2022 and was expected to service certain client relationships associated with the contemplated acquisition.

19. During the relevant period, the office located at 877 Ygnacio Valley Road, Suite 220, Walnut Creek, California, was leased by Proxy Freedom LLC.

20. The office currently located at 1212 Broadway Plaza, Office 106, Walnut Creek, California, is leased by Proxy Advisory Group LLC.

21. Proxy Financial was and is not the tenant under either lease in paragraphs 19 and 20.

22. Proxy Financial did not directly employ Arthur Potter, Justine Juarez, Janelle Martinez, John Neville, or Courtney Chynces during the period relevant to this action. These five individuals identified above are the Walnut Creek personnel referenced in my prior declaration.

23. The facts stated in this declaration concerning the employment of personnel, contractor relationships, and office leases are based upon my personal knowledge and my review of the business records maintained in the ordinary course of business.

24. My prior declaration accurately described the geographic location of the personnel, offices, and operational resources expected to participate in the contemplated transaction. It was not intended to allocate those personnel, offices, or operational functions among the various affiliated entities within the Proxy organization. This declaration provides that entity-specific clarification because Defendants have now raised corporate qualification as an issue.

25. The Agreement at issue was entered into between Proxy Financial, a Delaware corporation, and Hudson Valley Wealth Management, a New York corporation. It concerned the acquisition of an advisory practice whose client relationships were located principally in New York, New Jersey, and Connecticut, together with clients located in other states.

26. Proxy Financial does not itself employ any person in California. It does not lease or occupy any premises in California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of August 2026, at Madrid, Spain.

Bryan Caulkins