Emily Brandenburg (AKA Emily Kearney) (SBN 287652)
emily@thekearneyfirm.com
**The Kearney Firm, APC**
301 Bayview Circle, Suite 104-5278
Newport Beach, CA 92660
Tel: (714) 624-4186
emily@thekearneyfirm.com

Attorney for Plaintiff and Counter-Defendant
Proxy Financial Corp.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROXY FINANCIAL CORP., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON VALLEY WEALTH MANAGEMENT, a New York corporation; CHRISTOPHER CONOVER, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>HUDSON VALLEY WEALTH MANAGEMENT, a New York corporation; CHRISTOPHER CONOVER, an individual<br><br>Counter-Plaintiffs,<br><br>v.<br><br>PROXY FINANCIAL CORP., a Delaware corporation,<br><br>Counter-Defendant. | Case No.: 2:26-cv-1495-CSK<br><br>PLAINTIFF AND COUNTER-DEFENDANT'S ANSWER TO COUNTER-CLAIM<br><br>JUDGE: Hon. Chi Soo Kim<br>U.S. Magistrate Judge |

**PROXY FINANCIAL CORP.'S ANSWER TO COUNTERCLAIM**

Counter-Defendant Proxy Financial Corp. ("Proxy"), by and through its undersigned counsel, hereby answers the Counterclaim of Hudson Valley Wealth Management ("Hudson Wealth") and Christopher Conover ("Conover") (collectively, "Counter-Claimants") as follows:

**GENERAL RESPONSE**

Except as expressly admitted herein, Proxy denies each and every allegation in the Counterclaim and denies that Counter-Claimants are entitled to any relief whatsoever. Using the numbering from the Counterclaim, Proxy further responds to the specific allegations as set forth below.

**RESPONSES TO ALLEGATIONS**

**THE PARTIES**

1. Proxy admits only that Counter-Claimants purport to assert claims arising out of the parties' June 27, 2025, agreement for the sale of Hudson Valley's assets and related events (the "Agreement"). Proxy denies all remaining allegations, including any allegation that Proxy engaged in fraud, fraudulent inducement, or any misconduct. Proxy further denies that any of its litigation conduct has resulted in it forfeiting the right to compel arbitration under the Agreement.

2. Proxy admits that Hudson Valley is a New York corporation and that Hudson Valley is named as a Defendant in this action. Proxy denies any remaining allegations or characterization in Paragraph 2.

3. Proxy admits that Christopher Conover is an individual and is named as a Defendant in this action. Proxy lacks sufficient knowledge or information to admit or deny any remaining allegations concerning Mr. Conover's residence or citizenship and therefore denies the same.

4. Proxy admits that it is a Delaware corporation and is the Plaintiff in this action. Proxy denies the remaining allegations in Paragraph 4, including the allegations concerning its principal place of business, qualification to do business in California, and any allegation that Proxy knowingly made any false statement concerning its principal place of business.

## JURISDICTION AND VENUE

5. Proxy admits that Counter-Claimants purport to invoke supplemental jurisdiction. Proxy denies any remaining allegations in Paragraph 5.

6. Proxy admits venue is proper in this district. Proxy denies any allegations in Paragraph 6 that venue is improper and entitles Counter-Claimants to dismissal, transfer, or any other relief.

## FACTUAL ALLEGATIONS

7. Proxy admits that the parties entered into an agreement dated June 27, 2025 (the "Agreement") concerning the sale of certain business assets, client relationships, and accounts. The Agreement speaks for itself. Proxy denies any characterization of the Agreement inconsistent with its terms and denies any remaining allegations in Paragraph 7.

8. Proxy admits that communications occurred between representatives of Proxy and Counter-Claimants concerning a potential transaction and the Agreement as outlined in Proxy's Complaint in this matter. Proxy denies that any such communications constituted improper or fraudulent solicitation and denies all remaining allegations in Paragraph 8.

9. Proxy denies the allegations in Paragraph 9.

10. Proxy denies the allegations in Paragraph 10.

## FIRST CAUSE OF ACTION – FRAUDULENT INDUCEMENT

11. Proxy incorporates its responses to Paragraphs 1 through 10. Proxy denies that Counter-Claimants have stated a claim for fraudulent inducement.

12. Proxy denies the allegations in Paragraph 12.

13. Proxy denies the allegations in Paragraph 13, including that Proxy made any material misrepresentations or omissions of material fact.

14. Proxy denies the allegations in Paragraph 14.

15. Proxy denies the allegations in Paragraph 15, including that Counter-Claimants reasonably or justifiably relied upon any actionable misrepresentation or omission by Proxy.

16. Proxy denies the allegations in Paragraph 16, including that its conduct caused Counter-Claimants to take any action or suffer any legally recoverable damage.

17. Proxy denies the allegations in Paragraph 17, including that Counter-Claimants suffered damages in any amount recoverable against Proxy.

18. Proxy denies the allegations in Paragraph 18, including that its conduct was willful, malicious, fraudulent, or oppressive and denies that Counter-Claimants are entitled to punitive or exemplary damages.

**SECOND CAUSE OF ACTION - FRAUD**

19. Proxy incorporates its responses to Paragraphs 1 through 18 and denies that Counter-Claimants have stated a claim for fraud.

20. Proxy denies the allegations in Paragraph 20.

21. Proxy denies the allegations in Paragraph 21.

22. Proxy denies the allegations in Paragraph 22.

23. Proxy denies the allegations in Paragraph 23.

24. Proxy denies the allegations in Paragraph 24.

25. Proxy denies the allegations in Paragraph 25, including that Proxy made any misrepresentations or omissions. Proxy also denies that Counter-Claimants reasonably or justifiably relied upon any alleged misrepresentation or omission by Proxy.

26. Proxy denies the allegations in Paragraph 26, including that Counter-Claimants suffered damages in any amount recoverable against Proxy or are entitled to recover any amount.

27. Proxy denies the allegations in Paragraph 27, including that its conduct was willful, malicious, fraudulent, or oppressive. Proxy further denies that Counter-Claimants are entitled to punitive or exemplary damages.

**THIRD CAUSE OF ACTION – DECLARATORY RELIEF**

28. Proxy incorporates its responses to Paragraphs 1 through 27. Proxy denies that Counter-Claimants are entitled to declaratory relief.

29. Proxy admits that the Agreement contains dispute-resolution provisions, including provisions concerning mediation and arbitration. The Agreement speaks for itself. Proxy denies any characterization of those provisions inconsistent with their actual terms.

30. Proxy admits that its counsel communicated with Counter-Claimants concerning repayment and dispute resolution on or about November 6, 2025. Proxy denies any remaining allegations in Paragraph 30, including any characterization of those communications that are inconsistent with the communication itself as laid out in the detailed allegations in Plaintiff's Complaint.

31. Proxy admits that it commenced an action in the Sacramento County Superior Court on or about March 2, 2026 and that the action was subsequently removed to this Court. Proxy denies the remaining allegations in Paragraph 31, including but not limited to that ADR was not pursued.

32. Proxy denies the allegations in Paragraph 32, including that it intentionally concealed, misrepresented, or improperly characterized the Agreement's dispute-resolution provisions. Proxy further denies that its conduct was undertaken for the purpose alleged by Counter-Claimants.

33. Proxy denies the allegations in Paragraph 33.

34. Proxy denies the allegations in Paragraph 34.

35. Proxy admits that Proxy initiated an arbitration proceeding with the American Arbitration Association (the "Arbitration") concerning the parties' dispute. Proxy denies any characterization of that action as improper, untimely, concealed, or undertaken in bad faith.

36. Proxy admits that communications concerning the Arbitration occurred. Proxy denies the remaining allegations and characterizations.

37. Proxy denies that it waived or forfeited any contractual right to mediation or arbitration.

38. Proxy admits that the parties have an actual dispute concerning the interpretation and enforcement of the Agreement's dispute-resolution provisions. Proxy denies that Counter-Claimants are entitled to the relief requested.

39. Proxy denies that Counter-Claimants are entitled to any of the declarations requested in Paragraph 39, including any declaration that Proxy waived or forfeited its contractual right to arbitration or that the Arbitration should be dismissed.

40. Proxy admits that it disputes Counter-Claimants' assertions concerning the enforceability and effect of the Agreement's dispute-resolution provisions and maintains that the parties' dispute is subject to the contractual dispute-resolution provisions. Proxy denies the remaining allegations in Paragraph 40.

41. Proxy denies that Counter-Claimants are entitled to the declaratory relief requested.

## AFFIRMATIVE DEFENSES

Reserving the right to amend these defenses as discovery and investigation continue, Proxy asserts the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Counterclaim, and each purported cause of action therein, fails in whole or in part to state facts sufficient to constitute a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Plead Fraud with Particularity)

To the extent Counter-Claimants' claims sound in fraud, fraudulent inducement, or fraudulent concealment, the Counterclaim fails in whole or in part to plead the alleged fraudulent conduct with the particularity required by Federal Rule of Civil Procedure 9(b).

### THIRD AFFIRMATIVE DEFENSE

(No Reasonable or Justifiable Reliance)

Counter-Claimants' fraud-based claims are barred, in whole or in part, because Counter-Claimants cannot establish reasonable or justifiable reliance upon any alleged representation, omission, or other conduct attributable to Proxy.

### FOURTH AFFIRMATIVE DEFENSE

(Lack of Causation and Failure to Establish Damages)

Counter-Claimants' claims are barred or limited because they cannot establish that any act or omission by Proxy caused the damages alleged, or that they suffered damages that are recoverable, certain, or otherwise permitted by law.

### FIFTH AFFIRMATIVE DEFENSE

(Entire Agreement / Integration)

The Counterclaim is barred, in whole or in part, to the extent it seeks to impose obligations, representations, warranties, or terms inconsistent with or outside the Agreement, which contains the parties' contractual agreement concerning the transaction.

**SIXTH AFFIRMATIVE DEFENSE**

(Contractual Representations and Warranties)

Counter-Claimants' claims are barred or limited to the extent they are inconsistent with, or fail to account for, the representations, warranties, covenants, conditions, and allocation of risk expressly set forth in the Agreement.

**SEVENTH AFFIRMATIVE DEFENSE**

(No Waiver or Forfeiture of Arbitration Rights)

Counter-Claimants' request for a declaration that Proxy waived or forfeited its contractual right to pursue a mediation or arbitration is barred because Proxy did not knowingly, intentionally, or otherwise waive or forfeit those rights. Proxy expressly reserves all rights under the Agreement and applicable law concerning the parties' contractual dispute-resolution provisions.

**EIGHTH AFFIRMATIVE DEFENSE**

(No Duplicative Recovery)

Counter-Claimants may not recover duplicative damages or multiple recoveries for the same alleged injury under overlapping causes of action or theories of liability.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Establish Entitlement to Declaratory Relief)

Counter-Claimants are not entitled to the declaratory relief requested because they have not established an entitlement to declarations that Proxy waived or forfeited contractual rights, that the Arbitration must be dismissed, or that the parties' dispute must be resolved exclusively through litigation.

**TENTH AFFIRMATIVE DEFENSE**

(Punitive Damages)

Counter-Claimants are not entitled to punitive or exemplary damages because they cannot establish the requisite factual and legal basis for such damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Contractual Attorneys' Fees and Costs)

To the extent Proxy is the prevailing party, Proxy is entitled to recover its reasonable attorneys' fees and costs pursuant to the Agreement, including its provision concerning fees and costs in arbitration or other legal proceedings relating to the Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Counter-Defendant Proxy Financial Corp. respectfully requests that the Court:

1. Dismiss the Counterclaim in its entirety, with prejudice to the extent permitted by law;
2. Enter judgment in favor of Proxy and against Counter-Claimants on all causes of action asserted in the Counterclaim;
3. Deny Counter-Claimants' requests for compensatory damages, punitive or exemplary damages, declaratory relief, and any other relief sought in the Counterclaim;
4. Deny Counter-Claimants' request for a declaration that Proxy waived or forfeited its contractual rights concerning mediation or arbitration;
5. Enforce the parties' contractual dispute-resolution provisions, including the applicable arbitration provisions, to the extent appropriate;
6. Award Proxy its reasonable attorneys' fees and costs to the extent authorized by the Agreement, including Section 6.4(c), and applicable law; and
7. Grant such other and further relief as the Court deems just and proper.

Dated: October 9, 2026

By:______________________________
Emily Brandenburg (AKA Emily Kearney)
Attorney for Plaintiff and Counter-Defendant
PROXY FINANCIAL CORP.