UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROXY FINANCIAL CORP.,<br>Plaintiff,<br>v.<br>HUDSON VALLEY WEALTH MANAGEMENT, et al.,<br>Defendants. | Case No. 2:26-cv-01495-CSK<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY<br><br>(ECF No. 29) |

Pending before the Court is Defendants Hudson Valley Wealth Management ("Hudson Valley") and Christopher Conover's motion to stay this action pending Plaintiff Proxy Financial Corp.'s compliance with California Corporations Code sections 2105 and 2203(c).[1] (ECF No. 29.) Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court DENIES Defendants' motion to stay.

/ / /

/ / /

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF No. 5.)

## I. BACKGROUND

The Court refers to and incorporates the background provided in its September 4, 2026 Order. *See* 9/4/2026 Order (ECF No. 39). In short, this action arises out of the parties' dispute concerning an asset purchase and sale agreement for Plaintiff to acquire Defendant Hudson Valley's investment advisory client accounts. *See* Compl. (ECF No. 1-3). Plaintiff initiated this action in Sacramento County Superior Court on March 2, 2026. *See* Compl. On April 10, 2026, Defendants removed this action based on diversity jurisdiction. (ECF No. 1.)

On April 14, 2026, Defendants filed a motion to dismiss for improper venue. (ECF No. 4.) On May 13, 2026, Defendants filed an answer and counterclaims. (ECF No. 10.) Plaintiff filed an opposition to Defendants' motion to dismiss and a petition to compel arbitration on June 1, 2026. (ECF Nos. 13, 15.) On September 4, 2026, the Court denied both Defendants' motion to dismiss and Plaintiff's petition to compel this action to arbitration. 9/4/2026 Order. Plaintiff filed an answer to Defendants' counterclaims on October 23, 2026. (ECF No. 40.)

On July 24, 2026, Defendants filed the pending motion to stay. (ECF No. 29.) Plaintiff filed an opposition on August 7, 2026, and Defendants replied on August 10, 2026. (ECF Nos. 34, 35.) On August 12, 2026, the Court submitted Defendants' motion on the record and written briefing and vacated the September 1, 2026 hearing. (ECF No. 36.)

## II. LEGAL STANDARDS

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

## III. DISCUSSION

Defendants move to stay this action pursuant to California Corporations Code

sections 2105 and 2203(c). Defs. Mot. (ECF No. 29). Defendants contend that Plaintiff, a foreign corporation registered in Delaware with its principal place of business in Florida, must obtain certification to conduct its intrastate business in California pursuant to California Corporations Code section 2105(a), although Plaintiff has not done so. *See id.* at 4, 6, 8. Thus, according to Defendants, California Corporations Code section 2203(c) bars Plaintiff from maintaining this action against Defendants because Plaintiff failed to obtain the necessary certification before filing suit in a California judicial forum for claims arising out of its intrastate business. *Id.* at 6-9. Defendants therefore seek a stay pending Plaintiff's proof of compliance with section 2203(c); and if Plaintiff fails to timely comply, the action should be dismissed. *Id.* at 9.

"Section 2105 of the California Corporations Code requires foreign corporations that transact intrastate business to first obtain a certificate of qualification from the Secretary of State." *Wells v. U.S. Liab. Ins. Co.*, 2023 WL 4761551, at *3 (C.D. Cal. June 15, 2023) (citing Cal. Corp. Code § 2105(a)). Under California law, the phrase "'transact intrastate business' means entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce." Cal. Corp. Code § 191(a). However, "[a] foreign corporation shall not be considered to be transacting intrastate business merely because its subsidiary transacts intrastate business . . ." *Id.* § 191(b).

"A foreign corporation . . . which transacts intrastate business without complying with Section 2105 shall not maintain any action or proceeding upon any intrastate business so transacted in any court of this state" until the foreign corporation complies with California's registration requirements. Cal. Corp. Code § 2203(c). "Ordinarily, the matter should be stayed to permit the foreign corporation to comply. If the foreign corporation plaintiff complies with section 2203, subdivision (c), by qualifying and paying fees, penalties and taxes, it may maintain the action. If the foreign corporation fails to comply, the matter should be dismissed without prejudice." *United Med. Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1740 (1996); *accord LeBlanc Nutritions, Inc. v. Advanced*

*Nutra LLC*, 2005 WL 1398538, at *3 (E.D. Cal. June 14, 2005). "The objective of the lawsuit suspension enforcement mechanism is to encourage qualification, rather than to penalize the failure to qualify earlier." *United Med.*, 49 Cal. App. 4th at 1741.

"Federal courts interpreting a challenge to a party's standing under sections 2105 and 2203 of the California Corporations Code place the burden on the moving party to prove: (1) the action arose out of plaintiff's transaction of intrastate business, and (2) the action was commenced prior to plaintiff qualifying to transact intrastate business." *Loos & Co. v. Jack Rubin & Sons, Inc.*, 2026 WL 485752, at *2 (C.D. Cal. Feb. 19, 2026) (citation modified).

Here, Defendants contend Plaintiff transacts intrastate business in California based on the following evidence: (1) Plaintiff's Complaint alleges that its principal place of business is in California; (2) Plaintiff's July 22, 2026 Declaration of Bryan Caulkins, filed in opposition to transfer of venue, describes Plaintiff's office locations, operations, and personnel in California, which is "Proxy's largest revenue market"; and (3) the same July 22, 2026 declaration claims that Plaintiff is suing over contractual performance to be carried out—upon Defendant's satisfactory performance—by Plaintiff in California. Defs. Mot. at 4-6; *see also* 7/22/2026 Declaration of Bryan Caulkins (ECF No. 31-2). Defendants further contend that although Plaintiff is not qualified to do business in California, this action is brought upon Plaintiff's intrastate business based on its own prior admissions. Defs. Mot. at 8-9; *see also* Declaration of Scott J. Tepper, Exh. 1 (ECF No. 29-2).

In opposition, Plaintiff appears to concede it is not qualified to transact intrastate business pursuant to section 2105(a) but argues instead that section 2203(c) does not apply here because Plaintiff, as opposed to its subsidiaries, does not transact intrastate business. Pl. Opp'n at 4-6 (ECF No. 34). Plaintiff supplies a new declaration from Bryan Caulkins, the Managing Partner of Proxy Financial Corp., stating that Proxy Financial Corp. is a holding company of several subsidiary entities, including Proxy Freedom LLC, which employs personnel and leases offices in Walnut Creek, California; Proxy Advisory

Group LLC, which leases separate offices in Walnut Creek, California; and House of Proxy LLC. 8/7/2026 Declaration of Bryan Caulkins ¶¶ 1, 6-8, 15-16, 19-20. (ECF No. 34-1.) Mr. Caulkins's declaration explains that his July 22, 2026 declaration in opposition to transfer of venue referred generally to "Proxy" when describing the business that "Proxy" conducts in California. *Id.* ¶¶ 3-5, 24. However, he did not intend to attribute that business specifically to Proxy Financial Corp. *Id.* ¶¶ 5, 24, 26. Nonetheless, Mr. Caulkins affirms that the asset purchase and sale agreement at issue in this case was entered into between Defendant Hudson Valley and Plaintiff Proxy Financial Corp. *Id.* ¶ 25.

As an initial matter, the Court notes Defendants raised these arguments for the first time on July 24, 2026, more than three months after removing this action to federal court and over two months after filing their Answer and Counterclaims. (*See* ECF Nos. 1, 10, 29.) Although Defendants' Counterclaims allege "Proxy is not qualified to do business in California as a foreign corporation," neither Defendants' Answer nor their Counterclaims assert that Plaintiff is in violation of section 2203(c) as a defense. (*See* ECF No. 10.) Under state law, "a defendant challenging a foreign corporation's capacity to sue must do so at the earliest opportunity, either in its answer or in a demurrer." *PetConnect Rescue, Inc. v. Salinas*, 2024 WL 3640485, at *4 (S.D. Cal. Aug. 2, 2024) (quoting *Debonne v. Debonne*, 2022 WL 16847690, at *2 (Cal. Ct. App. Nov. 10, 2022)), *aff'd*, 2026 WL 2268270 (9th Cir. Aug. 6, 2026). Thus, because Defendants have forfeited their arguments under section 2203(c) by failing to raise it in their answer or in an earlier Rule 12(b) motion, the Court may deny Defendants' motion to stay for this reason alone. *See PetConnect*, 2024 WL 3640485, at *4; *Billuni v. Myers*, 2014 WL 2860807, at *8 (Cal. Ct. App. June 24, 2014) ("The certificate of qualification affirmative defense is a plea in abatement, subject to waiver for failure to raise it at the earliest opportunity.").

Even setting aside forfeiture, the Court agrees with Plaintiff and concludes Defendants fail to make a sufficient showing that Plaintiff is transacting intrastate business to fall under section 2203(c)'s prohibition. Under California Corporations Code

section 191(b), "[a] foreign corporation shall not be considered to be transacting intrastate business merely because its subsidiary transacts intrastate business." Plaintiff presents evidence in opposition that Proxy Financial Corp. conducts no business of its own in California and that any intrastate business in California is performed by its subsidiary entities. *See* Pl. Opp'n at 3-6; 8/7/2026 Caulkins Decl. ¶¶ 6, 26. Thus, section 2203(c) does not apply. *See Kaisha v. Dodson*, 2008 WL 3398778, at *5 (N.D. Cal. Aug. 11, 2008) (denying motion to stay under section 2203(c) because "merely being a shareholder of a domestic corporation does not qualify as transacting intrastate business").

Defendants raise several arguments on reply, each of which is unsuccessful. First, Defendants argue the August 7, 2026 Caulkins Declaration provided in opposition conflicts with the July 22, 2026 Caulkins Declaration, in that the July 2026 declaration attributed California business activity directly to Proxy Financial Corp. Defs. Reply at 1-4 (ECF No. 35). Defendants contend the Court should therefore hold that Plaintiff is judicially estopped from contradicting the statements in the July 2026 Caulkins Declaration. *Id.* at 3. Defendants likewise argue California Corporations Code section 191(b) fails to apply here because Plaintiff previously admitted it directly conducted business operations in California. *Id.* at 6. The Court acknowledges that the July 2026 Caulkins Declaration lacks clear drafting. However, the Court is not persuaded that Plaintiff's declarations contradict each other because the July 2026 Caulkins Declaration had no need to attribute the activities of Proxy Financial Corp. specifically to its various subsidiary entities where it was not relevant to challenge transfer of venue and Plaintiff may have not anticipated Defendants' arguments under section 2203(c) where Defendants did not raise such arguments. *See* 8/7/2026 Caulkins Decl. ¶¶ 4-5. Thus, the Court need not apply judicial estoppel here or determine that the July 2026 Caulkins Declaration contained false statements about whether Plaintiff does intrastate business in California.

Second, Defendants argue the August 2026 Caulkins Declaration fails to

(1) account for all of Plaintiff's subsidiaries' activities; (2) attribute every aspect of Plaintiff's alleged business in California to a subsidiary, such as which entity collects revenue from Plaintiff's California market; or (3) supply sufficient documentary evidence that only Plaintiff's subsidiaries conduct intrastate business in California. Defs. Reply at 3-4. This argument fails. Defendant has the burden of establishing that section 2203 applies to Plaintiff. *See Loos*, 2026 WL 485752, at *2; *Henley Fin., Ltd v. Goyette & Assocs., Inc.*, 2022 WL 597698, at *5 (E.D. Cal. Feb. 28, 2022) ("While Plaintiff is required to allege standing, the defendant bears the burden to prove the complaint arises out of the Plaintiff's intrastate business."). Thus, even if the August 2026 Caulkins Declaration leaves open the possibility that Proxy Financial Corp. may conduct intrastate business in California, Defendant fails to present any further evidence to support this inference. *See Henley Fin.,* 2022 WL 597698, at *5 (holding defendant failed to meet its burden of proof where, "[r]ather than provide evidence of Plaintiff's intrastate business, [Defendant] argues it is 'utterly vague, ambiguous, and unclear' whether Plaintiff engaged in intrastate business").

Third, Defendants rely on the allegations in the Complaint that Plaintiff's principal place of business is in California and that Plaintiff does business in financial advisory and wealth-management services. Defs. Reply at 4-5; *see* Compl. ¶ 2. Plaintiff concedes that the Complaint may contain "an inconsistency concerning principal place of business." Pl. Opp'n at 7-8. But even so, such allegations in a complaint fail to provide sufficient evidence that Plaintiff conducts "intrastate business" as defined by California Corporations Code section 191(a). *See Bluestem Advisors LLC v. Eventure Interactive, Inc.*, 2017 WL 3047895, at *3 (C.D. Cal. Apr. 17, 2017) (holding defendants failed to show section 2203(c) applies where "Defendants['] argument consists only of allegations in the complaint regarding Bluestem's corporate residence and the propriety of venue in this district, along with their online search of the California Secretary of State's website"); *C&SM Int'l v. Wholesalefashionsquare.com, Inc.*, 2018 WL 2213453, at *4 (C.D. Cal. May 14, 2018) (holding defendants failed to provide evidence plaintiff engaged in

intrastate business where defendants rely “on inferences drawn from a single allegation in the original complaint—an allegation that plaintiff contends was made in error”).

Finally, to the extent Defendants argue the asset purchase and sale agreement between Plaintiff and Defendants itself constitutes intrastate business sufficient to invoke section 2203(c), *see* Defs. Reply at 6-10, this argument also fails. The asset purchase and sale agreement at issue here was entered into between, on the buy-side, Proxy Financial Corp., a Delaware corporation; and on the sell-side, Defendant Hudson Valley, a New York corporation, and Defendant Conover, an individual residing in New Jersey. (ECF No. 4-2 at 1.) Therefore, the transaction appears on its face to involve interstate business.

Defendants contend the interstate characteristics of the parties’ transaction are not dispositive because Plaintiff intended to administer the transaction through its “acquisitions-and-transition operations” in California, thereby rendering the transaction intrastate. Defs. Reply at 6-7. But Plaintiff has already indicated that only Plaintiff’s subsidiary entities do intrastate business in California. *See* 8/7/2026 Caulkins Decl. Accordingly, because California Corporations Code section 191(b) prohibits the intrastate business activities of a foreign corporation’s subsidiaries from being attributed to the foreign corporation, Defendants fail to satisfy their evidentiary burden to show Plaintiff Proxy Financial Corp. itself conducts localized business in California. Defendants cite several cases in support of their arguments on reply, but these cases are distinguishable because they do not address section 191(b) or whether an alleged holding company, which does not itself purport to operate in California, has transacted intrastate business by entering into an interstate transaction that some of its subsidiaries will administer in California. *See* Defs. Reply at 7-8 (citing *Union Brokerage Co. v. Jensen*, 322 U.S. 202 (1944); *Eli Lilly & Co. v. Sav-On-Drugs, Inc.*, 366 U.S. 276 (1961); *Neogard Corp. v. Malott & Peterson-Grundy*, 106 Cal. App. 3d 213 (1980)). Nor have Defendants established that Plaintiff entered into “repeated and successive transactions” apart from the lone agreement at issue. *See* Cal. Corp. Code § 191(a); *Mat-Van, Inc. v.*

*Sheldon Good & Co. Auctions, LLC*, 2007 WL 2206946, at *4 (S.D. Cal. July 27, 2007) (holding lone contract between parties "is insufficient to establish that [plaintiff] engaged in 'intrastate business'").

Accordingly, because Defendants have not met their burden to show section 2203(c) applies to Plaintiff, Defendants' motion to stay is denied. Because no further motions are pending and the parties have respectively answered the Complaint and Counterclaims, this case is ripe for scheduling pursuant to Federal Rule of Civil Procedure 16 and Local Rule 240.

**IV. CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay (ECF No. 29) is DENIED;
2. Within 21 days of this order, the parties shall confer regarding the filing of a Joint Status Report addressing the relevant portions of Local Rule 240(a) to facilitate the entry of a pretrial scheduling order. In addition to the requirements of Local Rule 240(a), the parties shall also address the following in their Joint Status Report:
    a. The parties' estimated length of trial, and whether the case will be tried to a jury or to the bench;
    b. If any "Doe" Defendants are named in the complaint, whether such Doe Defendants will be dismissed by Plaintiff, and if not, when Plaintiff will identify and amend to name additional defendants currently identified as Doe Defendants;
    c. In the proposed schedule presented pursuant to Local Rule 240(a)(11), include proposed dates for the filing of a Joint Mid-Discovery and Mediation Status Statement, which should occur at a mid-point during the fact discovery time period; and the final pretrial conference, which should occur at least four weeks before the proposed trial date. The parties' proposed trial date should occur

approximately three months after the dispositive motion hearing deadline; and

d. In the proposed schedule for expert disclosures presented pursuant to Local Rule 240(a)(11), include proposed dates for initial expert disclosures and rebuttal expert disclosures.

3. An initial pretrial scheduling conference shall be held on Tuesday, January 12, 2027 at 10:00 a.m. in Courtroom 25;

4. The parties are reminded of the Local Rule 240(b) requirement to submit a proposed discovery plan within fourteen (14) days of the parties' discovery conference;

5. The parties are directed to Judge Kim's Civil Standing Orders, which are located on the Court's website at www.caed.uscourts.gov (select "Judges," then select Magistrate Judge Chi Soo Kim). The parties should take note of the page limits for civil motions and discovery joint statements. The parties are responsible for knowing and complying with the Court's standing orders; and

6. The parties are further reminded of their continuing duty to notify the Court immediately of any settlement or other disposition. See Local Rule 160.

Dated: November 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, prox.1495.26